**ARNOLD & PORTER KAYE SCHOLER LLP**
Deborah E. Fishman (SBN 197584)
deborah.fishman@arnoldporter.com
Assad H. Rajani (SBN 251143)
assad.rajani@arnoldporter.com
Carson Dean Anderson (SBN 317308)
carson.anderson@arnoldporter.com
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
Telephone: (650) 319-4500
Facsimile: (650) 319-4700

*Attorneys for Plaintiff
Prothena Biosciences Ltd.*

**SAUL EWING ARNSTEIN & LEHR, LLP**
Brian R. Michalek (SBN 302007)
brian.michalek@saul.com
161 N. Clark St.
Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
Facsimile: (312) 876-0288
Joseph D. Lipchitz (*pro hac vice* forthcoming)
joseph.lipchitz@saul.com
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
Facsimile: (617) 723-4151

*Attorneys for Tufts Medical Center
and Dr. Raymond Comenzo*

**UNITED STATED DISTRIC COURT
NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PROTHENA BIOSCIENCES LTD., <br><br> Plaintiff, <br><br> v. <br><br> TUFTS MEDICAL CENTER, DR. RAYMOND COMENZO. <br><br> Defendants. | Case No. 3:20-cv-02603-RS <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> CMC Date:   July 16, 2020 <br><br> Time:           10:00 AM <br><br> Judge:          Hon. Richard Seeborg |

Pursuant to the Court's Standing Order for All Judges, and the Civil Local Rules, Plaintiff Prothena Biosciences Ltd. ("Plaintiff" or "Prothena") and Defendants Tufts Medical Center, Inc. ("Tufts Medical Center") and Raymond L. Comenzo, M.D. ("Dr. Comenzo") (collectively "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties") submit this Case Management Statement in anticipation of the telephonic Case Management Conference scheduled for **July 16, 2020, at 10:00 AM**, Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California.  Each Party certifies that its lead trial counsel have met and conferred for the preparation of this Statement as required by Civil Local Rule 16-3.  The Parties make the following representations and recommendations:

## CASE MANAGEMENT ISSUES

### I. JURISDICTION AND SERVICE:

The parties are unaware of any personal jurisdiction or venue issues at this time.  No parties remain to be served.

### II. BRIEF DESCRIPTION OF FACTS:

In addition to the Parties' respective descriptions of fact below, the parties are continuing to meet and confer regarding the preparation of a set of stipulated facts for the purposes streamlining and narrowing the issues for discovery.

**Plaintiff's Statement**: Prothena is a clinical-stage neuroscience company focused on the discovery and development of novel therapies.  One such novel therapy is Prothena's proprietary amyloid light chain ("AL") antibody for the treatment of AL amyloidosis—a hematological disorder whereby a person's antibody-producing cells do not function properly, which results in abnormal deposits of amyloids (*i.e.*, misfolded proteins) that can cause serious damage to organs and can lead to life-threatening organ failure.

Pursuant to several agreements with Prothena (collectively "the Agreements"[1]), Defendants, a biomedical research institution (Tufts Medical Center) and a physician employed thereby (Dr.

---

[1] As used herein, the "Agreements" refers to the April 1, 2015, Clinical Trial Agreement, the May 1, 2013, Clinical Study Agreement, and/or the March 21, 2011, Material Transfer Agreement, as identified in Prothena's First Amended Complaint, ECF No. 9.

1

Comenzo), received samples of Prothena's proprietary AL antibody, known as NEOD001, for use solely in preclinical and clinical investigations as specified in the Agreements.  Under the Agreements, Defendants were obligated, and agreed, to assign to Plaintiff any and all inventions and discoveries conceived or made during the course of or as a result of studies that relate in any way to Plaintiff's proprietary therapeutic antibody, including, but not limited to, its administration and/or use, alone or in combination with any other drugs or devices.  *See, e.g.*, ECF No. 9-3 (the 2015 Clinical Trial Agreement) at 9 ("***Any and all inventions and discoveries*** (whether patentable or not) ('Inventions'), ***conceived or made during the course of or as a result of the Study which relate in any way to the Study Drug***, including, but not limited to, its administration and/or use, alone or in combination with any other drugs . . . .  All right, title and interest in and to Inventions ***shall reside with Prothena*** [Plaintiff].") (emphasis added).

After Defendants conducted research and clinical investigation pursuant to the Agreements, which was sponsored and funded by Prothena, Defendants assisted Prothena in preparing a Provisional U.S. Patent Application ("the '721 application"), which describes Prothena's Phase 3 clinical trial (VITAL) and is directed to inventions resulting from this work.  During the collaborative drafting of the '721 application, Defendant Ray Comenzo sent Plaintiff an email which explicitly stated "I realize that Prothena owns ALL the IP" resulting from the clinical studies performed pursuant the Agreements.  (emphasis in original).  The '721 application was filed by Prothena with the U.S. Patent and Trademark Office on February 12, 2019.  In due course, Prothena sent assignment agreements for the '721 application to Defendants for execution, but, after lengthy delay, Defendants breached their contractual obligations by refusing to assign their rights, title, and interest in the '721 application to Prothena.

**Defendants' Statement**:  Tufts Medical Center is an academic, non-profit, hospital located in Boston, Massachusetts. Dr. Comenzo is a medical doctor, a member of the medical staff at Tufts Medical Center, and is the sole inventor of the U.S. Patent Application No. 62/804,721 ("the '721 application") directed to a combination therapy for treating AL amyloidosis. Tufts Medical Center is the sole assignee of the inventions disclosed in the '721 application.

For years before any interaction with the Plaintiff, One of Dr. Comenzo's areas of research includes therapies involving monoclonal and amyloid light chain antibodies. In 2013, Dr. Comenzo conceived of a combination therapy which would serve as the basis for the inventions described in the '721 application. This conception predated, was independent of, and outside the scope any of the Agreements upon which Prothena has based its claims.

For several years, Plaintiff conducted clinical trials for its drug NEOD001 ("the NEOD001 clinical trials"). In his medical capacity, Dr. Comenzo worked with Plaintiff on some of these NEOD001 clinical trials. Amongst his medical responsibilities were treating patients, administering therapeutics, and monitoring adverse events. Put simply, he was in charge of the health and safety of patients. He was not tasked with researching and developing new therapies. In fact, the NEOD001 clinical trials were blinded so Dr. Comenzo never knew which drugs the patients were receiving.

Ultimately, Plaintiff discontinued NEOD001, stopped its NEOD0001 clinical trials, and publicly published its raw research data. Plaintiff was then sued by its shareholders upon learning that Plaintiff made several false misstatements about the viability of the NEOD001 clinical trials and attempted to cover up statistical flaws in NEOD001 trial protocols which prevented clinical success, and in this case, reduced the ability that any inventions could be created as a result of the trials.

After Plaintiff's abandonment of the NEOD001 program, Dr. Comenzo, drawing from his continuous research on monoclonal antibodies, conducted his own technological and statistical analysis which confirmed his original conception of the combination therapy invention.

### III.  BRIEF DESCRIPTION OF LEGAL ISSUES:

**Plaintiff's Statement**: Based on the current pleadings, Plaintiff believes that the following factual and legal issues are likely to be in dispute:

   a) The proper interpretation of the Agreements;
   b) Whether the inventions disclosed in the '721 application are within the scope of the Agreements;
   c) Whether the Defendants have breached any or all of the Agreements or the implied covenant of good faith and fair dealing with respect to the Agreements; and

        d)  Whether the Defendants should be ordered to perform under the Agreements.

**Defendants' Statement**:  Based on the current pleadings, Defendants believe that the following facts and legal issues will need to be decided:

    i)  Identification of whether any of the Agreements are applicable (including potential consulting agreements and employment agreements);

    ii)  If so, interpretation of the appropriate Agreements;

    iii)  Whether the inventions and technology disclosed in the '721 application are within the scope of the Agreement(s);

    iv)  Whether the Agreement(s) confer any obligation upon Defendants; and

    v)  Whether this case is ripe for adjudication.

## IV.   MOTIONS:

The Parties anticipate that summary judgment motions may be filed that address issues of breach of contract and ownership of the underlying patent application.

## V.   AMENDMENT OF PLEADINGS:

The Parties do not currently anticipate amending their respective pleadings, but reserve the right to do so as permitted by the Federal Rules of Civil Procedure and consistent with the proposed schedules below.

## VI.   EVIDENCE PRESERVATION AND ELECTRONIC DISCOVERY:

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable steps to preserve electronically stored information and other evidence relevant to the issues reasonably evident in this action, including implementing a document retention program as appropriate.

## VII.   INITIAL DISCLOSURES:

The Parties served initial disclosures under by Fed. R. Civ. P. 26(a)(1) on July 8, 2020.

## VIII. DISCOVERY:

### A. Generally

**Plaintiff's Statement**: Plaintiff anticipates pursuing discovery by taking depositions and by serving document requests, interrogatories, and requests for admissions. Plaintiff anticipates that discovery will be taken on issues relating to Defendants' use of Plaintiff's proprietary AL antibody in connection with the Agreements, or otherwise, and the conception and reduction to practice of the inventions described in the '721 application. Based on the claims and defenses in the Parties' pleadings, Plaintiff is unaware of any issue on which expert discovery would be necessary or appropriate.

**Defendants' Statement**: Defendants anticipate that discovery will involve taking depositions and serving of document requests, interrogatories, and requests for admission. In addition, Defendants may serve third-party discovery. Defendants also anticipate that expert analysis and expert discovery will be necessary.

### B. Discovery Schedule

The Parties' respective proposed case and discovery schedules appear below. To date, Plaintiff has propounded first sets of requests for production and interrogatories; Defendants have not yet propounded discovery.

### C. Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?

The Parties already served initial disclosures under by Fed. R. Civ. P. 26(a)(1) on July 8, 2020. The Parties believe that discovery in this case should proceed under their respective proposed case schedules, which appear below.

**Plaintiff's Statement:** Given the narrow and limited number of issues present, Plaintiff believes that discovery can proceed on an expeditious schedule. While Defendants' Statement attempts to unduly expand the scope of this case into extraneous matters, the central issue to both Plaintiff's claim of breach and Defendants' declaratory judgment claims is interpretation and enforcement of the Agreements. Moreover, the facts surrounding the Agreements and the course of

5

conduct and collection of data underling to the '721 application during the NEOD001 clinical trials are all well-documented, and Prothena does not anticipate that these facts will be genuinely disputed in any meaningful way.

**Defendants' Statement:** Defendants believe discovery should proceed based on the regular schedule outlined below and that there is no reason for an expedited schedule. The discovery issues will likely span across several Agreements—at least three Agreements identified by Plaintiff in its First Amended Complaint as well as multiple consulting agreements, statements of works, and employment agreements that form the obligations of the parties. Additionally, Defendants anticipate that third-party discovery relating to Dr. Comenzo's conception and reduction to practice, and the material and technology-related representations made by Plaintiff to its shareholders regarding the technological viability of its NEOD001 clinical trials.

Plaintiff's expedited schedule would further strain Defendants resources as it is a non-profit, academic, hospital whose means are currently allocated to ameliorating COVID-19. Tufts Medical Center is on the frontline in combatting the COVID-19 virus in the greater Boston, Massachusetts area, and its healthcare providers, staff, and resources are fully immersed with treating patients and caring for the well-being of its community affected by the virus outbreak. In addition to treating those infected with COVID-19, Tufts MC has dedicated significant resources to hosting and conducting two clinical trials of drugs to combat COVID-19 (Remdesirvir) and (Sarilumab). While normally these clinical trials can take months-to-years to begin, Tufts Medical Center has worked extensively and reallocated significant resources to design and commence these trials in a matter of weeks.

Tufts Medical Center is also instrumental in execution of the governor's plan for reopening Massachusetts in that Tufts Medical Center is actively involved with colleges and universities in their state-mandated  plan for testing and tracing students as a condition for these institutions to re-open.

Plaintiff's expedited schedule, with no justification, will provide additional and undue strain on Defendants limited staff and resources.

6
JOINT CASE MANAGEMENT STATEMENT                                    3:20-cv-02603-RS
US 167952710v8

**D.     Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

**Plaintiff's Statement**: Based on the current pleadings, Plaintiff believes that discovery is needed on the following topics:

a) The conception and reduction to practice of the inventions described in the '721 application;

b) Defendants' use of Plaintiff's proprietary AL antibody; and

c) The Parties' respective performance under the Agreements, including the work, research, and clinical studies performed pursuant to the Agreements.

**Defendants' Statement**: Defendants believe discovery will be needed on the following topics:

i) The conception, diligence, and reduction to practice of inventions described in the '721 application;

ii) The use or non-use of Isatuximab, 7D8 and other amyloid light chain antibodies and CD38 antibodies during the NEOD001 clinical trials;

iii) The scope of the primary, secondary, and other endpoints of the NEOD001 clinical trials; and

iv) Plaintiff's technological statement made with respect to its NEOD001 clinical trials which formed the subject matter of *In re Prothena Corporation*, 18-cv-06425 (S.D.N.Y. 2019).

**E.     Rule 26(f)(3)(C): Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties are continuing to meet and confer on a proposed Stipulated Order Regarding Discovery of ESI to submit to the Court for approval.

**F.     Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in the order.**

The Parties are continuing to meet and confer on a proposed Stipulated Protective Order to submit to the Court for approval.  At this time, the Parties do not anticipate any issues relating to claims of privilege or of protection of trial preparation materials.

**G.     Rule 26(f)(3)(E):  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

    **1.     Limits on Discovery**

        **(a)     Depositions**

Plaintiff and Defendants (each side) shall be limited to 10 depositions of no more than 7 hours each.  While the Parties are not certain whether any third party or expert depositions will be taken, the Parties have agreed that third-party or expert depositions will not count toward the agreed upon number of depositions per side.

**H.     Rule 26(f)(3)(F):  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Other than the aforementioned Stipulated Protective Order and ESI Order, at the present time, the Parties do not request any other orders under Rule 26(c) or under Rule 16(b) and (c).

**IX.    CLASS ACTION:**

This case is not a class action.

**X.     RELATED CASES:**

This case is not related to any other case.

**XI.    RELIEF:**

**Plaintiff's Statement**: Plaintiff seeks:  (1) a judgment that Defendants have breached the Agreements, or have breached the implied covenant of good faith and fair dealing with respect to any or all of the Agreements; (2) an order compelling specific performance under the Agreements, specifically compelling Defendants to assign to Plaintiff their right, title, and interest to the

8

inventions described and set forth in the '721 application, and any application claiming priority thereto as well as to assist and cooperate with Plaintiff in securing any intellectual property rights related thereto; (3) an award of attorneys' fees and costs to the full extent authorized by statute, contract, Local Rule, or law; and (4) an award of such other and further relief as the Court deems just and proper.

**Defendants' Statement**: Defendant seeks: 1) Plaintiff be denied any relief; 2) Adjudge that Plaintiff is not entitled to recover damages for any of its asserted claims; 3) Adjudge that Defendants have not breached any contract or breached any implied covenant of good faith and fair dealing; 4) an order that Defendants are entitled to ownership of any and all inventions arising out of the '721 application and that Plaintiff has no ownership rights in and no license to the inventions arising out of the '721 application, 5) an award of Defendants' attorneys' fees and costs, and 6) an award of such other relief as the Court deems just and appropriate.

**XII.  SETTLEMENT AND ADR:**

The Parties to date have engaged in settlement discussions and have not conducted any formal method of alternative dispute resolution.  The Parties have met and conferred in compliance with ADR L.R. 3-5 and prefer to discuss ADR selection with the Court at the case management conference.  The Parties do not believe any motions are necessary to facilitate settlement.

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The Parties do not consent to a magistrate judge.

**XIV.  OTHER REFERENCES:**

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.  NARROWING OF ISSUES:**

The Parties will seek to narrow the disputed factual and legal issues through stipulation, written discovery, depositions, and motion practice.

**XVI.  EXPEDITED TRIAL PROCEDURE:**

The parties do not believe that this case should proceed pursuant to General Order No. 64.

## XVII.  SCHEDULING:

**Plaintiff's Statement**: Plaintiff believes that its proposed schedule is appropriate given the limited issues present in this matter, which are predominantly of breach of contract.  Plaintiff believes that Defendants' proposed schedule, *which delays trial until 2023*, is extraordinarily and unduly protracted for a breach of contract dispute regarding the assignment of a pending patent application.

**Defendants' Statement**: Defendants believe that its proposed schedule is appropriate given the breadth of discoverable material, complexity of the technology, and Defendants' current role in combatting COVID-19 on both a statewide and national level.

The Parties each propose the following dates for scheduling in this case:

| Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| **Fact Discovery Cut-off** | October 16, 2020 | July 12, 2021 |
| **Deadline to Join Parties and Amend Pleadings** | October 16, 2020 | July 12, 2021 |
| **Deadline for Expert Designations** | October 23, 2020* | August 12, 2021 |
| **Opening Expert Declaration** | November 6, 2020* | September 17, 2021 |
| **Response Expert Declaration** | December 4, 2020* | October 18, 2021 |
| **Expert Discovery Cut-off** | December 23, 2020* | November 19, 2021 |
| **Dispositive Motions Due** | January 15, 2021 | December 30, 2021 |
| **Oppositions to Dispositive Motions Due** | January 29, 2021 | January 31, 2022 |
| **Replies to Dispositive Motions Due** | February 5, 2021 | February 15, 2022 |
| **Dispositive Motion Hearing** | March 12, 2021 | March 17, 2022 |
| **Further Case Management Conference** | Within 30 Days of the Court's Ruling on Dispositive Motions | |
| **Final Pretrial Conference** | June 15, 2021 | January 9, 2023 |
| **Bench Trial  (2 Days)** | July 8-9, 2021 | |
| **Jury Trial (4 days)** | | February 13-16, 2023 |

* As noted above, Plaintiff is unaware of any issue on which expert discovery would be necessary or appropriate.

## XVIII. TRIAL:

**Plaintiff's Statement**: Given the limited issues present in this matter, Plaintiff believes that it will be ripe for resolution on summary judgment. Plaintiff believes that, if a trial is necessary, a bench trial can be completed in two (2) of the Court's standard trial days.

**Defendants' Statement**: Defendants believe that this case should be tried before a jury.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

Both parties filed Civil L.R. 3-15 certifications on July 7, 2020.

## XX. PROFESSIONAL CONDUCT:

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS:

The parties are unaware of any other matters to be addressed in this Joint Case Management Statement.

DATED: July 9, 2020                                  **ARNOLD & PORTER KAYE SCHOLER LLP**

                                                     By:   */s/ Deborah E. Fishman*

                                                     Deborah E. Fishman (SBN 197584)

                                                     *Attorney for Plaintiff*
                                                     *Prothena Biosciences Ltd.*

DATED: July 9, 2020                                  **SAUL EWING ARNSTEIN & LEHR, LLP**

                                                     By:   */s/ Brian R. Michalek*

                                                     Brian R. Michalek (SBN 302007)

                                                     *Attorney for Defendants*
                                                     *Tufts Medical Center and*
                                                     *Dr. Raymond Comenzo*

1 | **ECF ATTESTATION**:  Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the
2 | filing of this document has been obtained from the other signatory.

4 | DATED:  July 9, 2020                              By:   */s/ Deborah E. Fishman*
                                                                       Deborah E. Fishman